STATE OF NEBRASKA, APPELLEE, v. ALAN HACKBARTH, APPELLANT.

211 N. W. 2d 609

Filed October 19, 1973.    No. 38979.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Alan Hackbarth, defendant-appellant, was convicted of malicious destruction of property of the value of more than $100, and was fined $500. We affirm.

Defendant sets out seven assignments of error, but argues only two in his brief. They are as follows: (1) A verdict which is the result of surmise or conjecture cannot support a conviction; and (2) insufficiency of the evidence to sustain a conviction.

While defendant listed 28 assignments of error in his motion for a new trial, he did not include the first point argued by him except as it may be embraced within the general assignment of insufficiency of the evidence to sustain a conviction. In accordance with Revised Rules of the Supreme Court, 1971, Rule 8 a 2(3), defendant has limited himself to the sole assignment of insufficiency of the evidence to sustain his conviction.

It would serve no purpose to review the evidence in detail or even to set forth the substance thereof. We are satisfied that it amply supports the conviction herein. The prosecution is predicated upon defendant's admission which he denied at the trial. A review of the record, in the light of the other evidence, makes it obvious why the jury did not believe defendant's story.

Defendant argues that the jury erroneously set the value of the damage at $350, when the only amount fully supported by the evidence is "less than $148.00." Defendant was prosecuted under section 28-572, R. R. S. 1943, which provides that any person willfully and maliciously destroying or injuring property causing loss or damage in the sum of $100 or more shall be guilty of a felony. Assuming $148 to be the full damage, defendant could not be prejudiced. An error by the jury in calculating the amount of damage sustained in a prosecution under section 28-572, R. R. S. 1943, is not material where the amount proved is found to be in excess of $100. See Hoffman v. State (1957), 164 Neb. 679, 83 N. W. 2d 357, where we held: "An error by

the jury in calculating the amount embezzled is not material where it does not have the effect of changing the punishment of the defendant to his prejudice." It is undisputed that the evidence amply sustained a finding that the property damage was in excess of $100. Defendant does not contend the damage was less than that amount. If the property damage is $100 or more, it comes within the ambit of the statute.

The judgment is affirmed.

AFFIRMED.

WHITE, C. J., not participating.